UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

YADVENDU K. YADAV,

        Plaintiff,

v.

SAINT MICHAEL'S MEDICAL
CENTER; JOSEPH DEPASQUALE,
M.D.,

        Defendants.

Civ. No. 18-6611 (KM/CLW)

**MEMORANDUM OPINION**

This matter originally came before the court on the motion (DE 9) of the defendants to dismiss this complaint, which alleges age discrimination, for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P. By Memorandum and Order filed on July 12, 2019 (DE 20), I noted the obvious deficiencies of the Complaint. I also noted, however, that the plaintiff had made supplementary statements in his briefs, to which he attached documents in support of his claims. Although such statements and attachments to briefs will not defeat a motion to dismiss, I noted that they suggested that amendment would not be futile, and liberally construed them as a motion to amend.[1] I therefore ruled as follows:

---

[1]     To his brief, the plaintiff attached the following:
    Letter of acceptance to Raritan Bay Medical Center for residency program;
    Medical degree from India;
    ECFMG certification for the U.S.;
    News article from India regarding his treatment of a heart patient;
(DE 11) In his brief, he also stated his belief that the accepted candidates were substantially younger than himself.
    In a supplemental submission, the plaintiff attached photos of the accepted candidates and stated that all appeared to be under 40 years of age. (DE 14)

> **ORDERED** that the motion (DE 9) to dismiss the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), is **ADMINISTRATIVELY TERMINATED**; and it is further
>
> **ORDERED** that the plaintiff's supplemental submissions are construed as a motion to amend the complaint, and that the motion to amend is **GRANTED**; and it is further
>
> **ORDERED** that the plaintiff shall, within 30 days, submit an amended complaint that states the legal elements of his claim(s) and states facts in support. If no timely amended complaint is received, the matter may be listed for dismissal.

I also directed the plaintiff to the court's website, which contains information for *pro se* litigants. https://www.njd.uscourts.gov/ (DE 20)

The 30-day deadline came and went, with no response from the plaintiff.[2] I must therefore consider the original complaint to be the operative pleading and reinstate the motion to dismiss, which was fully briefed.

The standards governing a Rule 12(b)(6) motion to dismiss a complaint for failure to state a claim upon which relief may be granted are familiar. For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

A short and plain statement of plaintiff's entitlement to relief will do. *See* Fed. R. Civ. P. 8(a). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Housing Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165,

---

2  The plaintiff also failed to appear for a scheduled status conference on July 2, 2019. (Entry following DE 19)

169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Where, as here, the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

The complaint alleges as follows:

The plaintiff, Yadvendu K. Yadav, a medical doctor, was approximately 55 years old at the time of the events in suit. He alleges that he applied for one of approximately 20 slots in the defendant hospital's residency program. According to the complaint, Dr. DePasquale, who interviewed him, said that "You got your medical degree a long time ago, 25 years ago. I have many young doctors to interview. You are too old." That was the "only reason" given at the time for rejecting Dr. Yadav's application for the position. He states that he believes that the candidates who were accepted were "all substantially younger" than himself. Dr. Yadav asserts violations of the federal ADEA and the New Jersey Law against discrimination.

A prima facie claim under the ADEA, as the defendants point out, has four essential elements: that the plaintiff "(1) is over 40; (2) is qualified for the position in question; (3) suffered an adverse employment decision; and (4) was

replaced by a sufficiently younger person to permit an inference of age discrimination." (Def. Brf. 5, citing *Flagg v. New Jersey/Office of Child Support Servs.*, No. 17CV02602PGSTJB, 2018 WL 2269246, at *3 (D.N.J. May 17, 2018)). The defendants' motion, directed at the second and fourth elements, makes two essential contentions: (1) that the complaint fails to allege that the plaintiff was qualified for the residency position; and (2) that the complaint fails to allege that sufficiently younger individuals were selected for the program in his stead.

Defendants' contentions have merit. The statement by Dr. DePasquale, if accurate, surely would support an inference of discriminatory intent. The complaint fails to allege, however, that there was discrimination in fact. The complaint does not allege that Dr. Yadav possessed the qualifications for the position. The complaint does not state the ages of the persons who were selected in his stead. Stating, without supporting factual allegations, that he "believes" they were younger than himself does not suffice.

## CONCLUSION

For the reasons stated above, the reinstated motion (DE 9) to dismiss the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), is **GRANTED.** Given the unusual procedural posture, this dismissal is **WITHOUT PREJUDICE** to the submission, within 30 days, of a proposed amended complaint that states the legal elements of his claim(s) and states facts in support. This will ripen into a dismissal with prejudice if no response is received within 30 days.

August 21, 2019

_____
HON. KEVIN MCNULTY, U.S.D.J.